## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST          )
FROM RUSSIA                      )
IN THE MATTER OF                 )          Misc. No. 07-
KONSTANTINOVICH TAL              )

### GOVERNMENT'S MEMORANDUM OF LAW
### IN SUPPORT OF APPLICATION FOR ORDER

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Russia. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Russian authorities who are investigating a case of alleged murder.

EVIDENCE SOUGHT:

The Russian authorities seek information about a company that may reside in this District and the Delaware Secretary of State's Office. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

(a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the

court.    By virtue of his appointment, the person
appointed has power to administer any necessary oath and
take the testimony or statement.  The order may prescribe
the practice and procedure, which may be in whole or part
the practice and procedure of the foreign country or the
international tribunal, for taking the testimony or
statement or producing the document or other thing.  To
the extent that the order does not prescribe otherwise,
the testimony or statement shall be taken, and the
document or other thing produced, in accordance with the
Federal Rules of Civil Procedure.

The proper criteria for determining whether the court
should exercise its discretion in favor of executing the request
are outlined in _In Re Request for Judicial Assistance from the
Seoul District Criminal Court_, 555 F.2d 720, 723 (9th Cir. 1977)
(citation omitted):

> Under the statute the only restrictions
> explicitly stated are that the request be
> made by a foreign or international
> tribunal, and that the testimony or
> material requested be for use in a
> proceeding in such a tribunal.... [and]
> that the investigation in connection
> with which the request is made must
> relate to a judicial or quasi-judicial
> controversy.

Moreover, " (t)he judicial proceeding for which assistance is
sought ... need not be pending at the time of the request for
assistance; it suffices that the proceeding in the foreign
tribunal and its contours be in reasonable contemplation when
the request is made." In Re Letter of Request from the Crown
Prosecution Services of the United Kingdom, 870 F.2d 686, 687
(D.C. Cir. 1989).

The letter of request in this case shows that the
information sought is for use in such proceedings in Russia and

hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled ex parte, and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE,** the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY:

David L. Hall
Assistant U.S. Attorney
1007 N. Orange Street
Wilmington, DE    19801
(302) 573-6277

Dated: 11/13/07

**Prosecutor General's Office**
**of the Russian Federation**

15A Bolshaya Dmitrovka
Moscow, GSP-3, 125993, Russia

.06.2007   Our ref. 82/2-1171-07

**Ms. Mary Ellen Warlow**
**Director**
Office of International Affairs
U.S. Department of Justice

1301 New York Ave. NW
Washington, D.C. 20005

**Dear Ms. Warlow,**

The Prosecutor General's Office of the Russian Federation presents its compliments to the U.S. Department of Justice and, pursuant to the bilateral Treaty on Mutual Legal Assistance in Criminal Matters of June 17, 1999, applies with a request for legal assistance in criminal case No. 18/346280-05 instituted under Article 105 (1) (Murder) of the Criminal Code of the Russian Federation.

The essence of the assistance required is set forth in the request of the Department for Investigation of Major Cases of the Prosecutor General's Office of the Russian Federation, attached hereto.

The Prosecutor General's Office of the Russian Federation guarantees that the documents and data obtained during the course of execution of the request will be used for the purposes of the preliminary investigation only and will not cause any harm to the sovereignty, security and public order of the United States of America.

Please forward the materials obtained to the Prosecutor General's Office of the Russian Federation at 15A Bolshaya Dmitrovka, 125993, GSP-3, Moscow, Russia.

The Prosecutor General's Office of the Russian Federation thanks you in advance for your cooperation and confirms its readiness to provide similar or other kind of legal assistance in criminal matters to the law-enforcement agencies of the United States of America in accordance with the international treaties, where the Russian Federation and the United States of America are the Participants, as well as the legislation of the Russian Federation.

Enclosure: in 7 pages and translation.

**Head**
**Legal Assistance Department**
**Main Department for**
**International Legal Cooperation**          /signed/          **A.S.Kupriyanov**

Case Officer: E.V.Shishkina
Tel.: 692-88-31



**Prosecutor General's Office**
**of the Russian Federation**

**To the Department of Justice**
**United States of America**

15A Bolshaya Dmitrovka
Moscow, GSP-3, 125993, Russia

04.06.2007   Our ref. 18/346280-05

*Request*
*for Legal Assistance*

**Dear Colleagues,**

The Prosecutor General's Office of the Russian Federation presents its compliments to the U.S. Department of Justice and expresses its gratitude for cooperation on legal matters.

The Prosecutor General's Office of the Russian Federation is inquiring into criminal case No. 18/346280-05 on the fact of murder of Mr. Tal, Georgy Konstantinovich, former Head of the Federal Service for Financial Recovery (Bankruptcy) of Russia, dob 8th April, 1956, Moscow, the national of the Russian Federation, committed with the use of fire-arms near 18 Staraya Basmannaya Str., Moscow, initiated on the elements of crime envisaged by Article 105(1) (Murder) of the Russian Federation. The text of the above Article is attached as Enclosure No.1.

In order to receive information of persons involved in the crime, as well as persons who may benefit from the death of Mr. Tal, Georgy Konstantinovich, the measures are taken for their establishment and brining them to justice.

Under the information received in the course of investigation on October 26, 2002 Aktimedia Ltd. Corporation – the Creditor (registered at: the state of Delaware, the United States of America, registered No. 3453242 of 05.11.2001; address: Suite 606, 1220 N.Marker Street, Wilmington, DE 19801, Country of Castle, USA; bank details: LATEKO BANK, RIGA, LATVIA; SWIFT: ▓▓▓▓▓ Account No. ▓▓▓ presented by Director, Mr. Will, David, (we are not in possession of the full information) on the one side and the Limited Liability Company "Bronya Center" – the Debtor (registered by the Moscow Registration Chamber No. 001.363.004; address: 6/3 Sergey Eizenshtein Str., Moscow, 129226, the Russian Federation; Individual Number of Taxpayer ▓▓▓▓▓▓▓ represented by the Director General, Mr. Belyaev, Leonid Anatolyevich, ▓▓▓▓▓▓▓▓, Moscow, the national of the Russian Federation, residing at: 13/3 Selskokhozyaystvennaya Str., apt. 7, Moscow, on the other part and Commercial Bank "Contrast-Bank" (address: 5/1 bldg.1 Lev Tolstoy Str., Moscow, 119992; Individual Number of Taxpayer ▓▓▓▓▓ represented by the Chairman of the Board of Directors, Mrs. Druzhinina, Olga Vyacheslavna, ▓▓▓▓▓▓ ▓▓▓▓▓▓ Moscow, the national of the Russian Federation, residing at: 25/1 Villisa Latsisa, apt. 85, Moscow, concluded Credit Contract to the sum of USD 487400. The real

owner of funds given by Aktimedia Ltd. Corporation to the Debtor was Mr. Tal, Georgy Konstantinovich. For the purposes of performance of obligations under the Credit Contract the repayment of funds shall be carried out by the installments in accordance with the prescribed schedule from the conclusion of the above Contract till 1st March, 2004. However, the Limited Liability Company "Bronya Center" did not return credit in time.

Under the information provided by the witness, Mr. Belyaev, Leonid Anatolyevich, Director General of the Limited Liability Company "Bronya Center" in autumn 2002 in the private talk with Mr. Tal, Georgy Konstantinovich, which took place in the premises of the office located at 18 Staraya Basmannaya Str., Moscow, the latter undertook the obligation to provide the above credit, and under the Credit Contract of 26th October, 2002 Aktimedia Ltd. Corporation transferred funds amounting to USD 487400 to the account of the Limited Liability Company "Bronya Center".

Basing on the universally recognized norms of the International Law, in accordance with the legislation of the Russian Federation: Articles 166, 167, 187 and 190 of the Code of Criminal Procedure of the Russian Federation (texts are attached as Enclosure No.2), taking into account the fact that the fight against crime is one of the most important aims of the international community governing by the reciprocity principal, in compliance with the Treaty on Mutual Legal Assistance in Criminal Matters of June 17, 1999, I kindly ask you to render assistance and carry out actions in the territory of the United States of America aimed at establishing of the whereabouts of Mr. Will, David, Director of Aktimedia Ltd. Corporation (registered: the state of Delaware, the United States of America, registered No. 3453242 of 05.11.2001; address: Suite 606, 1220 N.Marker Street, Wilmington, DE 19801, Country of Castle, USA) and interrogate him as a witness in order to clarify the following questions:

Was he acquainted with Mr. Tal, Georgy Konstantinovich? If yes, then in what connection? What relationships did they have?;

How can he explain his participation, as well as participation of Mr. Tal, Georgy Konstantinovich in granting of credit by Aktimedia Ltd. Corporation to the Limited Liability Company "Bronya Center"? Who was the initiator? Did he visit the Russian Federation in connection with the conclusion of the above Credit Contract? Who did he meet with? Where did they meet? What does he know about the reasons of failure to return the credit up to date? Is he aware of any actions taken by Mr. Tal, Georgy Konstantinovich, in order to return the funds granted to the Limited Liability Company "Bronya Center" under the Credit Contract dated 26th October, 2002? What is the activity of Aktimedia Ltd. Corporation? Does it have the registration in the territory of the United States of America? Who was the owner and who ran the company in 2002-2004?;

When and where did he see Mr. Tal, Georgy Konstantinovich, for the last time? Under what circumstances? What do you know about his murder? Who told you about it?;

Does he know any person Mr. Tal, Georgy Konstantinovich dealt with who was at enmity with him? What was the reason of such enmity? How serious was it?;

Does he know anyone who could benefit from the death of Mr. Tal, Georgy Konstantinovich or desired it?;

Is he acquainted with the Lawyer from the Moscow City Bar Association "Binetsky and Partners", Mr. Binetsky, Aleksey Eduardovich, ▮▮▮▮▮▮▮▮▮▮ Moscow, the national of the Russian Federation, residing at: 26·Bolshaya Yakimanka Str., apt. 74, Moscow, who managed the financial means owned by Mr. Tal, Georgy Konstantinovich? If yes, then in what connection? What does he know about the relationships between Mr. Binetsky, Aleksey Eduardovich, and Mr. Tal, Georgy Konstantinovich?;

What does he know about the following companies, namely: Trustees of the Famous CIT and Trustees of the Millennium CIT located in the territory of the Republic of Cyprus at: Neocleous House 199 Arch. Makarious III Ave, Limassol, whose real owner was Mr. Tal, Georgy Konstantinovich?

The Prosecutor General's Office of the Russian Federation guarantees that any documents and data obtained during the course of execution of the request will be used for the purposes of the preliminary investigation only for collection of the evidence and will not be used against the interests of the United States of America.

***Best regards,***


Senior Investigator for Major Cases
The Prosecutor General's Office
of the Russian Federation                    /signed/                    Yu.A.Burtovoy



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST          )
FROM RUSSIA                      )
IN THE MATTER OF                 )    Misc No. 07-
KONSTANTINOVICH TAL              )

ORDER

Upon application of the United States of America; and upon examination of a letter of request from Russia whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Russia and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that David L. Hall, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Russian authorities as follows:

1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in Russia, which procedures may be specified in the request or

provided by the Russian authorities;

      4. seek such further orders of this Court as may be necessary to execute this request; and

      5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Russian authorities.

      IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

      Dated: This _____ day of _____, 2007.


_____

United States District Court Judge